<table>
<tr><td colspan="2" style="background:black;color:white"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br>Southern District of New York<br><br>Case number <em>(if known)</em>: _____ Chapter 15</td></tr>
</table>

☐ Check if this is an
amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | |
|---|---|
| **1. Debtor's name** | EuropaCorp S.A. |

**2. Debtor's unique identifier**

For non-individual debtors:

☐ Federal Employer Identification Number (EIN)  ___ ___ – ___ ___ ___ ___ ___ ___ ___

☑ Other  384 824 041 . Describe identifier  French SIREN Number .

For individual debtors:

☐ Social Security number:  xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN):  **9** xx – xx – ____ ____ ____ ____

☐ Other _____ . Describe identifier _____ .

**3. Name of foreign representative(s)**

Kevin Tatum McDonald

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

Sauvegarde pending before the Tribunal de Commerce de Bobigny

**5. Nature of the foreign proceeding**

*Check one:*

☑ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____
_____

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

| Debtor | EuropaCorp S.A. | Case number (if known) |
|---|---|---|
| | Name | |

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i)    all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)   all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

**Country where the debtor has the center of its main interests:**

France

**Debtor's registered office:**

| 20 rue Ampere, 93200 | |
|---|---|
| Number | Street |

P.O. Box

| Saint-Denis | | 93413 |
|---|---|---|
| City | State/Province/Region | ZIP/Postal Code |

| France | |
|---|---|
| Country | |

**Individual debtor's habitual residence:**

| | |
|---|---|
| Number | Street |

P.O. Box

| | | |
|---|---|---|
| City | State/Province/Region | ZIP/Postal Code |

| | |
|---|---|
| Country | |

**Address of foreign representative(s):**

| 8245 Mannix Drive | |
|---|---|
| Number | Street |

P.O. Box

| Los Angeles CA | | 90046 |
|---|---|---|
| City | State/Province/Region | ZIP/Postal Code |

| United States of America | |
|---|---|
| Country | |

**10. Debtor's website** (URL)

http://www.europacorp.com/

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

☐ Partnership

☐ Other.  Specify: _____

☐ Individual

| Debtor | EuropaCorp S.A. | Case number (if known) |
|---|---|---|
| | Name | |

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✖ _Kevin Tatum McDonald_          Kevin Tatum McDonald

  Signature of foreign representative          Printed name

Executed on    05/17/2019
               MM / DD / YYYY

✖ _____

  Signature of foreign representative          Printed name

Executed on    _____
               MM / DD / YYYY

**14. Signature of attorney**

✖ _Matthew Kelsey_          05/17/2019

  Signature of Attorney for foreign representative    Date    MM / DD / YYYY

Matthew Kelsey
Printed name

Gibson, Dunn and Crutcher LLP
Firm name

200 Park Avenue
Number        Street

| New York | NY | 10166 |
|---|---|---|
| City | State | ZIP Code |

| (212) 351-2615 | MKelsey@gibsondunn.com |
|---|---|
| Contact phone | Email address |

| 4250296 | NY |
|---|---|
| Bar number | State |

Official Form 401          Chapter 15 Petition for Recognition of a Foreign Proceeding          page 3

**<u>Attachment 1</u>**

**Item 6: Certified Copy of Decision Commencing Foreign Proceeding**

**GREFFE
DU
TRIBUNAL
DE COMMERCE
DE BOBIGNY**

KERKACHE/2019G00004/2019J00862/13-05-2019
ME FARGES JEAN PIERRE

166 RUE DU FAUBOURG SAINT HONORE
GIBSON DUNN & CRUTCHER LLP
75008 PARIS

EXTRAIT
DES MINUTES DU GREFFE
DU TRIBUNAL DE
COMMERCE

**RÉPUBLIQUE FRANÇAISE
AU NOM DU PEUPLE FRANÇAIS**

Le Tribunal de Commerce de Bobigny
a rendu la décision dont la teneur suit



| N° de rôle | 2019G00004 |
|---|---|
| Nom du dossier | / SA EUROPACORP |
| Délivrée le | 13/05/2019 |

Première page

1

N° de Minute : 2019G0004

*REPUBLIQUE FRANÇAISE*
*AU NOM DU PEUPLE FRANÇAIS*
**TRIBUNAL DE COMMERCE DE BOBIGNY**
**6ème CHAMBRE**

N° de Rôle : 2019G00004

**LE 13 Mai 2019,**
A ETE MIS A DISPOSITION LE PRESENT JUGEMENT

## DEFENDEUR

SA EUROPACORP
Capital social 13 932 353,06 €
Adresse légale :
20 Rue Ampère
93200 ST DENIS FRANCE
N° RCS de BOBIGNY : 384824041 / N° de Gestion : 2012 B 5344

Représentants Légaux :
M. Luc BESSON, es qualité de Président du conseil d'administration, demeurant  724N Alpine Drive 90210 BEVERLY HILLS CA
M. Régis, Vincent MARILLAS, es qualité de directeur général délégué, demeurant  88 Bis Ave Foch 92250 LA GARENNE COLOMBES
comparants , assistés par Me Jean Pierre FARGES  166 Rue du Faubourg Saint Honoré Gibson Dunn & Crutcher LLP 75008 PARIS, avocat.

Décision contradictoire et en premier ressort,

Rendu par le Tribunal composé de :

*Président :* M. Emanuel COHEN

*Juges :*    M. Daniel BAYON
             M. Marc NOUVION

Assistés de M. Benoit KERKACHE, commis assermenté

En présence de M. Marc BOURRAGUE, Procureur de la République adjoint,

Le Ministère Public ayant eu connaissance de la procédure.

*Débats en Chambre du Conseil le Lundi 6 Mai 2019 à 15h en audience spéciale*

Deuxième page

2

*N° de PC : 2019J00862*

**OUVERTURE DE PROCEDURE DE SAUVEGARDE**

*N° de RG : 2019G00004*

A la date du 30 Avril 2019, la SA EuropaCorp au capital de 13 932 353,06 € a demandé l'ouverture d'une procédure de sauvegarde au Greffe de ce Tribunal conformément à l'article L.620-1 du Code de Commerce aux fins de faciliter la réorganisation de l'entreprise pour permettre la poursuite de l'activité économique, le maintien de l'emploi et l'apurement du passif.

Le débiteur qui est immatriculé au R.C.S de BOBIGNY : 384824041 / N° de Gestion : 2012 B 5344 a pour activité : la production de films cinématographiques. Exerçant sous la forme de SA , la société est donc commerciale de par sa forme et son objet.

Historique et nature des difficultés :

EuropaCorp a été créée en 1992 par M. Luc BESSON, sous la dénomination de Leeloo Productions. Elle a véritablement débuté son activité de production et de coproduction de films de long métrage en 1999.

L'activité d'EuropaCorp est pour l'essentiel dédiée à la production et à la distribution d'œuvres cinématographiques et audiovisuelles.

La société a été introduite en bourse à Paris en 2007.

La société a produit et réalisé avec Monsieur Luc BESSON, ou écrit, neuf des vingt plus grands succès du cinéma français sur le plan international et représentent la première société exportatrice du secteur en France.

La particularité d'EuropaCorp réside dans sa capacité de maîtriser tous les stades du cycle de production et d'exploitation des œuvres.

Le groupe est organisé de façon transversale par métier autour de la vie d'un film (financement et fabrication, ventes, marketing, opérations, licences et live *entertainment*).

Ses principales filiales exercent les activités suivantes :

-EuropaCorp Distribution (activité de distribution de films en salles en France)

-EuropaCorp Home Entertainment (édition sur support vidéo en France et cession des droits d'exploitation aux plates-formes de diffusion en VOD)

-Blue Advertaiment (conseil en communication)

-Orchestra (édition sonore)

-Valerian Holding (distribution du film Valerian)

-Valerian (production du film Valerian)

Troisième page

3

-EuropaCorp Télévision (production de séries et d'unitaires télévisuels)

-T5 Production (production de films)

-Digital Factory (post production)

EuropaCorp dispose également d'une filiale aux Etats-Unis, EuropaCorp Films USA, Inc. qui a pour objet de développer des projets de films sur le territoire nord-américain et de distribuer aux Etats-Unis les films produits ou acquis par EuropaCorp en utilisant les services de la plateforme commune de distribution et de marketing appelée **EuropaCorp Distribution, LLC.**

Les difficultés rencontrées par le groupe sont attribuables à l'orientation stratégique adoptée en 2014, consistant pour le groupe à assurer lui-même la distribution de ses films aux Etats-Unis au lieu de recourir à une distribution indépendant assurée par les grands studios américains. De façon plus globale, le marché sur lequel le groupe intervient emporte des risques structurels.

La Société requérante est garante des deux principales lignes de crédit, la dette Senior et la dette Mezzanine et est partie au contrat dit de Participation Deal. Dans ce cadre, elle a donné en garantie l'intégralité de ses actifs.

Ces actifs constituent la première source de revenus du Groupe, et sont vitaux non seulement pour la poursuite de sa propre activité mais aussi pour celle des autres filiales du Groupe. L'appel en garantie et la réalisation subséquente des sûretés consenties par la Société au profit des créanciers signeraient non seulement la fin de toute discussion relative à une restructuration globale du Groupe mais mettraient la Société requérante face à des engagements qu'elle ne serait pas en mesure d'honorer.

Or, si en droit français, les clauses d'exigibilité anticipée du fait d'une procédure préventive ou collective sont réputées non écrites, force est de constater que l'influence juridique américaine rend plus complexe la situation.

Il est donc primordial que la Société puisse se placer sous la protection du Tribunal en France afin de s'assurer que les dispositions d'ordre public du droit français soient respectées, et que les discussions sur la proposition alternative de restructuration financière puissent se dérouler dans un cadre serein, malgré l'absence de waiver (clause de renonciation).

Cette procédure française devra donc être coordonnée parallèlement avec une procédure de « Chapter 15 » ouverte aux Etats-Unis, issue du Bankruptcy Code américain.

Pour s'assurer que le jugement d'ouverture de la procédure de sauvegarde française soit en mesure de déployer ses effets sur le territoire des Etats-Unis d'Amérique, chacune des sociétés françaises devra solliciter l'ouverture dite de « chapter15 » aux USA, qui s'apparente à une procédure d'exequatur des décisions étrangères dédiée au domaine des entreprises en difficulté.
Ces procédures de « chapter15 » auront le même périmètre que celui des procédures de sauvegardes ouvertes sur le territoire français.

Procédure :

Suite à sa demande d'ouverture d'une procédure de sauvegarde la société prise en la personne de son représentant légal a été appelée à comparaître en Chambre du Conseil du Lundi 6 Mai 2019 à 15h en audience spéciale selon convocation remise par le Greffe.

Quatrième page

4

Les représentants de l'Unité Economique et Sociale ou à défaut les représentants du Personnel ont également été invités à se présenter en ladite Chambre du Conseil.

M. Luc BESSON ayant la qualité de Président du conseil d'administration de la société déclarante était présent et assisté en Chambre du Conseil par ses conseils Me Jean Pierre FARGES et Me Arnaud de SENILHES, avocats.

En présence du directeur général délégué Monsieur Régis MARILLAS, de Madame Florence WESTERMANN et Monsieur Rodolphe PACCIARELLA du cabinet Accuracy, de Monsieur Jean François CIZAIN représentant de Messier-Maris.

Madame Lucie CHAMBERLAND s'est présentée en qualité de représentante du personnel et plus largement comme représentante de l'unité économique et sociale constituée par un certain nombre de sociétés visées par la présente procédure.

Le Ministère Public a été avisé de la date de l'audience, la procédure lui ayant été communiquée.

Il résulte des pièces produites et des informations recueillies en Chambre du Conseil :

Que le chiffre d'affaires annuel hors taxes de la SA EuropaCorp, au dernier exercice comptable connu, clôturé au 31/03/19, s'élèverait à 94 657 000 € et que l'entreprise employait 33 salariés.

Que l'entreprise n'est pas en état de cessation des paiements, ainsi qu'il ressort des informations ci-dessous :

L'actif de l'entreprise s'élèverait à la date du 30 Avril 2019 à 364 210 K€ dont un disponible de 13 653 K€ et le passif exigible serait de 13 480 K€ dont un passif privilégié de 164 K€.

Il s'agit d'une inscription de privilège prise pour 164 17 € au bénéfice du Trésor Public et qui aurait fait l'objet d'un moratoire et serait déjà apurée.

Que les prévisions de trésorerie sur 6 mois, communiquées, prennent en compte les aléas pouvant survenir au cours des discussions engagées avec les différents prêteurs et semblent cohérentes et de nature à permettre à l'entreprise de poursuivre son exploitation.

<u>Nature des difficultés rencontrées par l'entreprise</u> :

***Me Jean-Pierre FARGES conseil de la société déclare :***

Confirme que le groupe Europacorp a bénéficié d'une procédure de mandat ad hoc ouverte par ordonnances du Président du Tribunal de Commerce de Bobigny en dates du 22 mai 2018, puis du 19 décembre 2018, le dernier mandat ayant été prorogé jusqu'au 30 avril 2019.

Que les difficultés rencontrées résultent principalement de :

D'un niveau de dettes, résultant d'une gestion passée, trop important, tant en charges financières qu'en matière de remboursement aux échéances contractuellement prévues à venir (Octobre 2019 et Avril 2020).

Que la société, telle qu'elle l'a indiqué dans son document de référence, déposé auprès de l'AMF, est exposée aux risques structurels suivants :
-Risques liés au caractère aléatoire des succès commerciaux,

Cinquième page

5

-Risques liés à l'importance des coûts de production des œuvres cinématographiques.

Que la société connaît des difficultés ponctuelles, dont la principale est due à la contreperformance de l'exploitation américaine des films en langue anglaise sortis en salles aux USA aux cours de ces dernières années.

Qu'il résulte de l'insuccès de la politique passée que la société Europacorp et de ses filiales éprouvent des difficultés à respecter les engagements pris dans la documentation bancaire de la dette senior et de la dette mezzanine.

Que, si la société EuropaCorp respecte encore à ce jour les ratios financiers définis, les éventuels défauts de la société EuropaCorp au titre de ces deux types d'endettement pourraient entraîner de graves conséquences pour elle et probablement une impossibilité de se financer ou de se refinancer.

Que des difficultés de nature structurelles sont apparues concernant le bail, signé en 2009, pour une durée de 12 ans, liant la société EuropaCorp, locataire, à l'égard de son bailleur, la société NEF Lumières, compte tenu d'une charge annuelle de loyers d'un montant de 9 millions d'euros devenue insupportable et constituant un péril à sa capacité à poursuivre son activité.

Que l'actualité récente, dans la perspective de l'organisation des jeux Olympiques de 2024 à Paris, a situé le siège du comité organisateur (COJO) sur l'emprise de la présente cité du Cinéma.

Que des travaux de mise en état sont d'ores et déjà en cours créant des perturbations dans l'exploitation normale de l'activité du locataire en titre, de ses filiales et des sous-locataires.

Qu'il précise qu'à ce jour les loyers versés par les sous locataires sont intégralement reversés au bailleur, à la différence du loyer principal dont le montant est pour l'instant séquestré en prévision d'une négociation avec le bailleur, d'ores et déjà entamée.

Qu'un déménagement à très court terme est envisagé.

Que malgré un changement de stratégie, notamment aux Etats Unis et dans la poursuite des discussions avec les prêteurs et le bailleur, avec la volonté de chercher un investisseur potentiel, il apparaît que ces orientations pourront être poursuivies plus aisément dans le cadre d'une procédure de sauvegarde.

Qu'il insiste sur la nécessité de cette ouverture pour préserver le cadre juridique des discussions et notamment la partie américaine, sous la protection du Tribunal en France, afin de s'assurer que les dispositions d'ordre public du droit français soient respectées.

Qu'il a bien évidemment conscience que cette procédure française devra être coordonnée avec une procédure de « Chapter 15 » prévue par le code américain des faillites, aux Etats Unis.

Il souhaite voir désigné par le Tribunal, deux coadministrateurs judiciaires en la personne de Maître Hélène BOURBOULOUX, société FHB et Maître Patrice BRIGNIER. Il confirme sa demande de désignation par le tribunal d'une personne chargée de réaliser l'inventaire en application de l'article L.621-4 al.6 du code de commerce.

### *Me Arnaud de SENILHES, conseil de la société déclare :*

Que la société EuropaCorp a d'ores et déjà assigné le bailleur visant à constater le préjudice causé par le changement de destination des lieux loués et des troubles causés à l'exploitation dans la

Sixième page

6

perspective de l'installation du Comité des futurs jeux Olympiques de Paris de 2024 sur le site de la cité du Cinéma.

### *Mme Lucie CHAMBERLAND, représentante des salariés déclare :*

Que les personnels des différentes sociétés du groupe sont informés de la situation et font confiance à la direction, que leur inquiétude se traduit par l'assurance du bon versement de leur rémunération à l'échéance. A ce titre elle exprime leur demande de règlement des salaires de Mai par avance.

### *M. Marc BOURRAGUE, Procureur de la République adjoint, requiert :*

Que le Tribunal fasse droit à la demande d'ouverture d'une procédure de sauvegarde au bénéfice de la société EuropaCorp.
Qu'il souligne que la décision prononcée devra contenir les éléments juridiques permettant son application et son plein effet sur les intérêts américains du groupe et l'ouverture d'une procédure spécifique aux Etats Unis.
Aucune observation n'est faite sur les demandes de désignation.

Sur ce, le Tribunal,

Dès lors que le débiteur justifie :

Qu'il n'est pas en état de cessation des paiements.

Qu'il rencontre des difficultés qu'il ne serait pas en mesure de surmonter.

Qu'il produit les documents prévus à l'article R.621-1 du Code de Commerce.

Le débiteur justifie qu'une réorganisation de l'entreprise est possible, qui permettra la poursuite de l'activité économique, le maintien de l'emploi et l'apurement du passif.

Le Tribunal dira qu'il y a lieu d'ouvrir une procédure de sauvegarde.

Le Tribunal désignera deux Administrateurs Judiciaires avec la mission de surveillance conformément à l'article L.621-4-1 du Code de Commerce. Les deux administrateurs judiciaires sollicités par la société répondant aux critères de bonne connaissance du dossier pour l'un et d'expérience et de connaissance du tissu économique local pour l'autre.

Le Tribunal désignera deux mandataires judiciaires communs au débiteur, conformément à l'article L.621-4-1 du Code de Commerce. Les critères fondant leur désignation étant l'expérience et la connaissance du tissu économique local.

Le Tribunal désignera un commissaire-priseur avec mission de dresser l'inventaire.

Il convient dans ces conditions de faire application de la procédure de sauvegarde prévue par le Code de Commerce et en conséquence d'ouvrir une période d'observation de six mois.

De prévoir une audience à deux mois, pour constater les avancées de ladite période d'observation.

7

N° de PC : **2019J00862**

### DECISION

Le Tribunal, après en avoir délibéré, statuant par jugement contradictoire et en premier ressort

Ouvre une procédure de sauvegarde à l'égard de la société :

SA EUROPACORP
Adresse légale :
20 Rue Ampère   93200 ST DENIS  FRANCE
N° RCS de BOBIGNY : 384824041 / N° de Gestion : 2012 B 5344
Activité : la production de films cinématographiques

Ouvre une période d'observation de 6 mois soit jusqu'au 13 Novembre 2019

*Le Tribunal nomme :*

- Juge Commissaire : Monsieur Marc NOUVION

- Mandataires Judiciaires : la SELAFA MJA prise en la personne de Me Axel CHUINE, 14 rue de Lorraine 93000 BOBIGNY et la SELARL BALLY MJ, 69, rue d'Anjou 93000 Bobigny.

- Administrateurs Judiciaires : avec mission de surveillance

  la SELARL FHB prise en personne de Me Hélène BOURBOULOUX 16 Place de l'Iris. CS 90048 Tour CB21, 92040 Paris la Défense Cedex et la SCP Patrice BRIGNIER 18. rue de Lorraine 93000 Bobigny

- Commissaire-priseur : la Selarl LOMBRAIL - TEUCQUAM – TRUCHETET prise en la personne de Me Franck LOMBRAIL, 1-3 Rue Marie Louise 94210 La Varenne Saint Hilaire avec pour mission de réaliser l'inventaire prévu par l'article L.622-6 du code de commerce.

Fixe un délai de 30 jours à compter de la date du présent jugement pour achever l'inventaire et le transmettre au Juge-Commissaire, aux Administrateurs, aux Mandataires Judiciaires ainsi qu'au Ministère Public.

Invite les délégués du personnel ou à défaut les salariés de l'entreprise à désigner au sein de l'entreprise un représentant des salariés dans les conditions prévues par l'article L 621-4 alinéa 2 du Code de Commerce et à communiquer le nom et l'adresse de ce représentant au greffe de ce tribunal.

Prend acte que Mr. Kevin Tatum McDonald sollicitera, en qualité de « foreign representative » de la société EuropaCorp SA, l'ouverture d'une procédure de « Chapter 15 » prévu au « Federal Bankruptcy code » américain auprès du tribunal américain compétent ;

Rappelle les dispositions des articles L.622-13 et L.622-29 du Code de commerce français :

Article L.622-13 du Code Commerce

Huitième page

8

I. - Nonobstant toute disposition légale ou toute clause contractuelle, aucune indivisibilité, résiliation ou résolution d'un contrat en cours ne peut résulter du seul fait de l'ouverture d'une procédure de sauvegarde.

Le cocontractant doit remplir ses obligations malgré le défaut d'exécution par le débiteur d'engagements antérieurs au jugement d'ouverture. Le défaut d'exécution de ces engagements n'ouvre droit au profit des créanciers qu'à déclaration au passif.

II. - L'administrateur a seul la faculté d'exiger l'exécution des contrats en cours en fournissant la prestation promise au cocontractant du débiteur.

Au vu des documents prévisionnels dont il dispose, l'administrateur s'assure, au moment où il demande l'exécution du contrat, qu'il disposera des fonds nécessaires pour assurer le paiement en résultant. S'il s'agit d'un contrat à exécution ou paiement échelonnés dans le temps, l'administrateur y met fin s'il lui apparaît qu'il ne disposera pas des fonds nécessaires pour remplir les obligations du terme suivant.

III. - Le contrat en cours est résilié de plein droit :

1° Après une mise en demeure de prendre parti sur la poursuite du contrat adressée par le cocontractant à l'administrateur et restée plus d'un mois sans réponse. Avant l'expiration de ce délai, le juge-commissaire peut impartir à l'administrateur un délai plus court ou lui accorder une prolongation, qui ne peut excéder deux mois, pour se prononcer ;

2° A défaut de paiement dans les conditions définies au II et d'accord du cocontractant pour poursuivre les relations contractuelles. En ce cas, le ministère public, l'administrateur, le mandataire judiciaire ou un contrôleur peut saisir le tribunal aux fins de mettre fin à la période d'observation.

IV. - A la demande de l'administrateur, la résiliation est prononcée par le juge-commissaire si elle est nécessaire à la sauvegarde du débiteur et ne porte pas une atteinte excessive aux intérêts du cocontractant.

V. - Si l'administrateur n'use pas de la faculté de poursuivre le contrat ou y met fin dans les conditions du II ou encore si la résiliation est prononcée en application du IV, l'inexécution peut donner lieu à des dommages et intérêts au profit du cocontractant, dont le montant doit être déclaré au passif. Le cocontractant peut néanmoins différer la restitution des sommes versées en excédent par le débiteur en exécution du contrat jusqu'à ce qu'il ait été statué sur les dommages et intérêts.

VI. - Les dispositions du présent article ne concernent pas les contrats de travail. Elles ne concernent pas non plus le contrat de fiducie, à l'exception de la convention en exécution de laquelle le débiteur conserve l'usage ou la jouissance de biens ou droits transférés dans un patrimoine fiduciaire.

Article L.622-21 du Code de Commerce

Le jugement d'ouverture interrompt ou interdit toute action en justice de la part de tous les créanciers dont la créance n'est pas mentionnée au 1 de l'article L 622-17 du code de Commerce et tendant (i) à la condamnation du débiteur au paiement d'une somme d'argent ou (ii) à la résolution d'un contrat pour défaut de paiement d'une somme d'argent.

Neuvième page

9

Article L.622-29 du Code de Commerce

Le jugement d'ouverture ne rend pas exigibles les créances non échues à la date de son prononcé et que toute clause liant directement ou indirectement la déchéance du terme d'une créance à l'ouverture d'une procédure de sauvegarde est réputée non écrite.

Rappelle que, conformément à l'article L.622-21 du Code de Commerce, le jugement d'ouverture arrête ou interdit également toute procédure d'exécution de la part des créanciers tant sur les meubles que sur les immeubles ainsi que toute procédure de distribution n'ayant pas produit un effet attributif avant le jugement d'ouverture et que les délais impartis à peine de déchéance ou de résolution des droits sont en conséquence interrompus ;

Rappelle le principe de l'effet *ergo omnes* du présent jugement à l'égard de tous les créanciers, qu'elle que soit la nature de leur créance ou leur nationalité, en ce compris en ce qu'il interdit la réalisation des sûretés et pactes commissoires, sous réserve des dispositions d'ordre public le cas échéant applicables localement et des dispositions du règlement européen N° 2015/848 pour les états membres de l'Union Européenne.

Rappelle que le Tribunal de Commerce de Bobigny (France) a une compétence exclusive, en tant que Tribunal de la procédure collective, pour trancher toute question relative à la procédure, à ses conséquences sur les droits et actifs de la Société (en particulier leur appréhension par les créanciers), et tout contentieux y afférent.

Renvoie l'affaire au 24 juin 2019 à 15H devant la 6e Chambre en audience spéciale pour examen des diligences de la procédure.

Dit que dans les huit jours qui suivent le jugement d'ouverture, le débiteur remettra la liste des créanciers établie conformément à l'article L 622-6-1 du Code de Commerce aux administrateurs et aux mandataires judiciaires.

Impartit aux créanciers pour la déclaration de leurs créances un délai de deux mois à compter de la publication du présent jugement au BODACC.

Dit que la liste des créances déclarées devra être établie dans le délai de 15 mois à compter de la publication du présent jugement.

Ordonne la publication et l'exécution provisoire du présent jugement conformément à la Loi.

Dit que la publicité du présent jugement sera effectuée sans délai nonobstant toute voie de recours.

Dit que les dépens seront employés en frais privilégiés de sauvegarde et les liquide.

*La minute du présent jugement est signée par :*
M. Emanuel COHEN Président,
Assisté de M. Benoit KERKACHE, commis assermenté

Dixième page

# E X P É D I T I O N

---

Pour expédition certifiée conforme à la minute de la présente décision

Le Greffier




| N° de rôle | 2019G00004 |
|---|---|
| Nom du dossier | / SA EUROPACORP |
| Délivrée le | 13/05/2019 |

Onzième et dernière page.

**<u>Attachment 1A</u>**

**Item 6: English Translation of Decision Commencing Foreign Proceeding**

**Original copy No. 2019G0004**

*FRENCH REPUBLIC*
*IN THE NAME OF THE FRENCH PEOPLE*
## COMMERCIAL COURT OF BOBIGNY
## 6th CHAMBER

<u>Docket No.:</u> 2019G00004

**ON MAY 13, 2019,**
THIS JUDGMENT WAS MADE AVAILABLE

## DEFENDANT

SA EUROPACORP
Capital stock €13,932,353.06
Legal address:
20 Rue Ampère
93200 St Denis France
Bobigny Trade and Companies Registry No.: 384824041 /Management No.: 2012 B 5344

Legal Representatives:
Luc BESSON, in his capacity as Chairman of the Board of Directors, residing at 724N Alpine Drive,
BEVERLY HILLS CA 90210
Régis Vincent MARILLAS, in his capacity as Delegated Chief Executive Officer, residing at 88 Bis Ave Foch
92250 LA GARENNE COLOMBES
appearing in court, assisted by Jean Pierre FARGES, 166 Rue du Faubourg Saint Honoré, Gibson Dunn &
Crutcher LLP 75008 PARIS, Attorney-at-law.

Decision after a hearing of both parties, and subject to appeal,

Rendered by the Court composed of:

*The Presiding Judge:* The Honorable Emanuel COHEN

*Associate Judges:*    The Honorable Daniel BAYON
                       The Honorable Marc NOUVION

Assisted by Benoit KERKACHE, sworn Clerk of Court

Marc BOURRAGUE, Deputy Prosecutor of the Republic,

The Public Prosecutor having been informed of the proceeding.

***Arguments presented in the Court Chambers on Monday, May 6, 2019 at 3:00 pm in a special
hearing***

*PC No.: 2019J00862*

**OPENING OF A SAFEGUARD PROCEDURE**

*RG No.: 2019G00004*

On April 30, 2019, SA EuropaCorp, with a capital of €13,932,353.06, requested the opening of a safeguard procedure with the Clerk of this Court, pursuant to Article L.620-1 of the French Commercial Code in order to facilitate the reorganization of the company to allow the continuation of its economic activity, the maintenance of jobs and the discharge of its liabilities.

The business of the debtor, which is registered in the BOBIGNY Trade and Companies Register under number: 384824041 /Management No.: 2012 B 5344, is the production of cinematographic films. Operating in the form of a joint stock corporation (*Société anonyme*), the company is therefore commercial both in form and purpose.

Background and nature of the difficulties:

EuropaCorp was founded in 1992 by Luc BESSON, under the name of Leeloo Productions. It actually began its activity to produce and co-produce feature films in 1999.

The activity of EuropaCorp is essentially dedicated to the production and distribution of cinematographic and audiovisual works.

The company was first listed on the Paris Stock Exchange in 2007.

The company made and produced with Luc BESSON, or wrote, nine of the twenty greatest international successes of the French film industry and represents the leading exporter of the film industry in France.

The specific feature of EuropaCorp lies in its ability to master all stages in the cycle of production and operation of the works.

The Group is organized horizontally by business line around the life of a film (financing and fabrication, sales, marketing, operations, licenses, and live entertainment).

Its principal subsidiaries conduct the following activities:

-EuropaCorp Distribution (film distribution to movie theaters in France)

-EuropaCorp Home Entertainment (publication on video media in France and assignment of operating rights to VOD distribution platforms)

-Blue Advertaiment (communication consultancy)

-Orchestra (sound publishing)

-Valerian Holding (distribution of the film Valerian)

-Valerian (production of the film Valerian)

-EuropaCorp Télévision (production of television series and single units)

-T5 Production (production of films)

-Digital Factory (post-production)

EuropaCorp also owns a subsidiary in the United States, EuropaCorp Films USA, Inc., whose purpose is to develop film projects across North America and to distribute in the United States the films produced or acquired by EuropaCorp using the services of the joint distribution and marketing platform known as **EuropaCorp Distribution,** LLC.

The difficulties encountered by the group are the result of the strategy adopted in 2014, which consisted, for the group, in distributing its films in the United States itself, instead of using independent distribution provided by the major American studios. More generally, the market in which the group operates carries structural risks.

The petitioner Company is the guarantor of two main lines of credit, the Senior debt and the Mezzanine debt, and is a party to the Participation Deal contract. In this contracts, it offered all its assets as security.

These assets are the leading source of the Group's revenues and are vital not only for the continuation of its own business but also for the businesses of the Group's other subsidiaries. The proceedings against the guarantor and the subsequent realization of the security interests granted by the Company to the creditors would mark not only the end of any discussions concerning a total restructuring of the Group, but would confront the petitioning Company to commitments that it would not be able to fulfil.

However, although under French law accelerated payment clauses as a result of a preventive or collective proceeding are deemed void, it must be noted that American judicial influence makes the situation more complex.

It is therefore vital for the Company to be able to place itself under the protection of the Court in France to ensure that the public policy provisions of French law are respected, and that discussions on the alternative proposal of financial restructuring may take place within a calm framework, despite the absence of any waiver (*clause de renonciation*).

This French procedure must, therefore, be coordinated with a "Chapter 15" proceeding opened in the United States under the American Bankruptcy Code.

To ensure that the judgment opening the French safeguard proceeding (*procédure de sauvegarde française*) is effective in the United States of America, each of the French companies will have to request the opening of "Chapter 15" in the US, amounting to an *exequatur* proceeding in bankruptcy matters.
These "Chapter 15" proceedings will have the same scope as the safeguard proceedings opened in France.

Procedure

Following its request to open a safeguard procedure, the company, notified through its legal representative, was called to appear in the Court Chambers on Monday, May 6, 2019, at 3:00 pm, at a special hearing according to the notice remitted by the Clerk.

The representatives of the Economic and Corporate Unit, or, if they did not appear, the Employee representatives, were also invited to appear at said Court Chambers.

Mr. Luc BESSON, Chairman of the Board of Directors of the declarant company, was present and represented at the Court Chambers by his counsel, Jean Pierre FARGES and Arnaud de SENILHES, attorneys.

Also present were the deputy Chief Executive Officer Régis MARILLAS, Florence WESTERMANN and Rodolphe PACCIARELLA from the Accuracy firm, and Jean François CIZAIN representing Messier-Maris.

Lucie CHAMBERLAND was present in her capacity as employee representative and, more broadly, as a representative of the economic and corporate unit composed of a certain number of companies targeted by this procedure.

The public prosecutor was advised of the date of the hearing and was notified of the procedure.

The documents produced and the information collected in the Court Chambers revealed that:

The annual revenues excluding taxes of SA EuropaCorp, in the last known accounting year ended March 31, 2019, amounted to €94,657,000 and that the company employed 33 persons.

The company is not in a state of cessation of payments as shown by the information below:

The assets of the company totaled, as of April 30, 2019, €364,210,000, including cash assets of €13,653,000, and the liabilities due are €13,480,000, including €164,000 of secured liabilities.

This is a lien recorded for €164 17 to the benefit of the Public Treasury, which has been subject to a moratorium and already discharged.

The 6-month cash projections take into consideration the contingencies that may arise during the discussions initiated with the different lenders, seem consistent and able to allow the company to continue its business.

<u>Nature of the difficulties encountered by the company</u>:

***<u>Jean-Pierre FARGES, counsel for the company declared the following:</u>***

He confirmed that the Europacorp Group had benefitted from a special mediation procedure (*mandat ad hoc*) opened by order of the Chief Judge of the Bobigny Commercial Court on May 22, 2018, and on December 19, 2018, and the second special mediation procedure was extended until April 30, 2019.

The difficulties encountered resulted primarily from:

The level of debt, resulting from past management, which was too high, both in terms of financial costs and repayment due dates stipulated in the contracts (October 2019 and April 2020).

The company, as it indicated in its registration document filed with the AMF is exposed to the following structural risks:
-Risks related to the random nature of commercial successes;

1

-Risks related to the huge production costs of cinematographic works.

The company experiences periodic difficulties, and the main difficulty is due to the disappointing performance of the American exploitation of English-language films released in theaters in the US in recent years.

The result of the failure of the past policy is that the Europacorp company and its subsidiaries are experiencing difficulties in meeting the commitments made in the credit agreements for the senior debt and the mezzanine debt.

While the EuropaCorp company is, as of this date, meeting the financial ratios defined, potential defaults by the EuropaCorp company on these two types of debt could result in serious consequences for the company, and probably the impossibility of financing or refinancing itself.

Structural difficulties appeared with regard to the lease signed in 2009 for a term of 12 years between EuropaCorp, as tenant, and its landlord, NEF Lumières, given an annual rental expense of €9 million that has been unsustainable and constitutes a threat to its ability to carry on its business.

Current news concerning the organization of the 2024 Olympic Games in Paris, placed the headquarters of the organizing committee (OOC) on the premises of the *Cité du Cinéma*.

Repair work is already in progress, creating disturbances in the normal operation of the activity of the rightful tenant, its subsidiaries and sub-tenants.

It is specified that, as of this date, the rent paid by the sub-tenants is repaid in full to the lessor, in contrast to the principal rent, the amount of which is currently in escrow to prepare for negotiations with the lessor which have already been initiated.

There are plans to move in the very near future.

Despite a change in strategy, particularly in the United States, and in the continued discussions with the lenders and the lessor, with a desire to find a potential investors, it appears that these strategies could be more easily continued within the framework of a safeguard procedure.

Jean-Pierre FARGES insisted on the need to open this procedure in order to preserve the legal framework of the discussions, particularly the American portion, under the protection of the Court in France, in order to ensure that public policy provisions of French law are respected.

He is clearly aware that this French procedure will have to be coordinated with "Chapter 15" proceeding in the United States stipulated by the American Bankruptcy Code.

He wants the Court to appoint two co-receivers in the person of Hélène BOURBOULOUX from FHB and Patrice BRIGNIER. He confirms his request for the court to designate a person charged with conducting the inventory pursuant to Article L.621-4 para. 6 of the French Commercial Code.

### Arnaud de SENILHES, counsel for the company stated the following:

The EuropaCorp company has already issued a summons to the lessor seeking to establish the loss incurred by the change in intended use of the leased premises and the problems caused to the business in order to install the Committee for the future 2024 Paris Olympic Games on the site of the *Cité du Cinéma*.

### Lucie CHAMBERLAND, the representative of the employees stated that:

The employees of the different companies of the Group are informed about the situation and trust

management, their concerns resulted in asking for the correct payment of their compensation when due. In this regard, she expressed their request for payment of May salaries in advance.

### *Marc BOURRAGUE, Deputy Prosecutor of the Republic called for the following:*

For the Court to accede to the petition to open a safeguard procedure to the benefit of EuropaCorp;
For the Court to stress that the decision ruled must contain the legal elements to allow its application and full effect over the American interests of the Group, and the opening of a specific procedure in the United States.
No comment was made on the designation requests.

On this basis, the Court,

Once the debtor proves that:

It is not in a state of cessation of payments;

It is encountering difficulties that it would not be able to overcome;

It produces the documents stipulated in Article R.621-1 of the French Commercial Code;

The debtor demonstrates that a reorganization of the company is possible, which will allow continuation of the economic activity, maintenance of jobs and the discharge of the liabilities;

The Court shall rule that there is reason to open a safeguard procedure.

The Court shall appoint two Receivers with the supervisory mission stipulated by Article L.621-4-1 of the French Commercial Code. The two court-appointed receivers requested by the company shall meet the criteria: one with solid knowledge of the company and the other with experience and knowledge of the local economic background.

The Court shall appoint two joint judicial representatives to the debtor, pursuant to Article L.621-4-1 of the French Commercial Code. The criteria for their appointment shall be experience and knowledge of the local economic fabric.

The Court will appoint an auctioneer with the mission to prepare the inventory.

Under these conditions, it is appropriate to apply the safeguard procedure stipulated by the French Commercial Code and, as a result, open a six-month observation period, and

To plan a hearing in two months to record the progress in this observation period.

PC No.: 2019J00862

**<u>DECISION</u>**

The Court, after deliberation, ruling by judgment after hearing both parties and subject to appeal

opens a safeguard procedure for the company:

SA EUROPACORP

Legal address:
20 Rue Ampère 93200 ST DENIS FRANCE
Bobigny Trade and Companies Registry No.: 384824041 /Management No.: 2012 B 5344
Business: the production of cinematographic films

Opens an observation period of six months, i.e., until November 13, 2019

*<u>The Court appoints the following:</u>*

- Supervisory Judge: Marc NOUVION

- Creditors' Representatives: SELAFA MJA represented by Axel CHUINE, 14 rue de Lorraine 93000 BOBIGNY, and SELARL BALLY MJ, 69, rue d'Anjou 93000 Bobigny.

- Judicial Administrators: with the mission of supervision

   SELARL FHB represented by Hélène BOURBOULOUX, 16 Place de l'Iris, CS 90048 Tour CB21, 92040 Paris la Défense Cedex, and SCP Patrice BRIGNIER 18, rue de Lorraine 93000 Bobigny.

- Auctioneer: Selarl LOMBRAIL - TEUCQUAM - TRUCHETET represented by Franck LOMBRAIL, 1-3 Rue Marie Louise 94210 La Varenne Saint Hilaire with the mission of preparing the inventory stipulated by Article L.622-6 of the French Commercial Code.

Sets a period of 30 days from the date of this judgment to complete the inventory and transmit it to the official Insolvency Judge, the Receivers, the Judicial Representatives and to the public prosecutor.

Invites the employee delegates or, if there are none, the employees of the company, to appoint an employee representative from the company under the conditions stipulated in Article L 621-4 paragraph 2 of the French Commercial Code and communicate the name and address of this representative to the Clerk of this Court.

Notes that Mr. Kevin Tatum McDonald will seek, in his capacity as "foreign representative" of the company EuropaCorp SA, the opening of a "Chapter 15" procedure provided for in the US Federal Bankruptcy Code with the competent American court;

Restates the provisions of Articles L.622-13 and L.622-29 of the French Commercial Code:

Article L.622-13 of the French Commercial Code

I. - Notwithstanding any legal provision or any contract clause, no indivisibility, termination or cancellation of a current contract may result from the sole fact of the opening of a safeguard procedure.

The co-contracting party must meet its obligations despite the debtor's failure to execute commitments prior to the judgment to open the procedure. The failure to execute such commitments gives creditors a right only to a declaration in liabilities.

II. - The receiver alone shall have the option to require the enforcement of the contracts in progress by providing the service promised to the co-contracting party from the debtor.

On the basis of the provisional documents at his disposal, the receiver shall ensure, at the moment he demands the performance of the contract, that he has the funds necessary to make the resulting payment. In the case of a contract with execution or payments scheduled over time, the receiver shall end it if the receiver believes that he will not have the funds necessary to meet the obligations of the following period.

III.  - The contract in progress is legally terminated:

1. After formal notice to decide on the continuation of the contract sent by the co-contracting party to the receiver which remains unanswered for more than one month. Before the end of this period, the insolvency judge may give the receiver a shorter period or grant an extension, which may not exceed two months, in order to make a decision;

2. Payment default under the conditions defined in Section II and failure of the co-contracting party to agree to continue the contractual relationship. In this case, the public prosecutor, the receiver, the insolvency judge or an auditor may petition the court to end the observation period.

IV.  - At the request of the receiver, termination is declared by the insolvency judge if it is necessary to protect the debtor and does not cause excessive harm to the interests of the co-contracting party.

V.   - If the receiver does not use the option to continue the contract or terminates the contract under the conditions defined in Section II, or if termination is declared pursuant to Section IV, the non-performance may result in damages to the co-contracting party, the amount of which must be declared in the liabilities. The co-contracting party may, however, defer restitution of the excess sums paid by the debtor in the performance of the contract until a ruling on damages has been rendered.

VI. - The provisions of this article are not related to employment contracts. Nor do they concern trust contracts (*fiducie*), with the exception of the agreement under which the debtor retains the use or benefit of goods or rights transferred to a fiduciary trust.

Article L.622-21 of the French Commercial Code

The opening judgment stops or prevents any court action by all creditors whose claim is not cited in point 1 of Article L 622-17 of the French Commercial Code and tending (i) toward an order to debtor to pay a sum of money or (ii) to the termination of a contract for failure to pay a sum of money.

Article L.622-29 of the French Commercial Code

The opening judgement does not make claims due and payable that are not due on the date it is issued, and any clause that directly or indirectly links a default event to the opening of a

protection procedure is deemed unwritten.

Notes that, pursuant to Article L.622-21 of the French Commercial Code, the opening judgement also stops or prohibits any enforcement procedure by the creditors against both real and personal property as well as any distribution procedure that has not produced an attributive effect before the judgment to open, and that the periods given, under penalty of forfeiture or termination of rights are, therefore, interrupted;

Notes the principle of the *erga omnes* effect of this judgment with respect to all creditors, whatever the nature of their claim or their nationality, including the fact that it prohibits the execution of securities and forfeiture clauses (*pactes commissoires*), subject to public policy provisions, if any, applicable locally and the provisions of European Regulation 2015/848 for the member States of the European Union.

Notes that the Commercial Court of Bobigny (France) has exclusive jurisdiction, as the Court of the bankruptcy procedure, to settle any question related to the procedure, its consequences for the rights and assets of the Company (particularly, their foreclosure by the creditors), and any dispute related thereto.

Postpones the case to June 24, 2019 at 3:00 pm to the 6th Chamber for a special hearing for a review of the safeguards of the procedure.

Rules that, within eight days from the judgment to open, the debtor shall remit a list of creditors established in accordance with Article L 622-6-1 of the French Commercial Code to the receivers and judicial representatives.

Grants the creditors a period of two months as from the publication of this judgment in the BODACC to declare their claims.

Rules that the list of declared claims must be established within 15 months as from the publication of this judgment.

Orders the publication and provisional execution of this judgment as required by law.

Rules that the publication of this judgment shall be performed immediately, notwithstanding any

appeal.

Rules that court costs will be included in the preferential debts and paid.

***The original of this judgment is signed by:***

Emanuel COHEN, Presiding Judge,
Assisted by Benoit KERKACHE, sworn Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| EUROPACORP S.A., *et al.*,[1] | Case No. 19-_____ |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

## DECLARATION OF CHARLES PEUGNET CERTIFYING ACCURACY OF TRANSLATION

Charles Peugnet, who is an associate at the law firm Gibson, Dunn & Crutcher LLP and a lawyer admitted to practice law in Paris, hereby declares:

1.      I have been engaged in the practice of French restructuring and insolvency law since 2015. I have been an associate at Gibson, Dunn & Crutcher LLP since December 2017 and before that I was an associate in another international law firm.

2.      I am fluent in both French and English.

3.      I reviewed the foregoing translation of the order (the "***Sauvegarde Order***") included as Attachment 1 to the Petition into English.

4.      Based on my review, the foregoing translation of the *Sauvegarde* Order, included in this Attachment 1A to the Petition is, to the best of my knowledge, a true and correct English translation of the *Sauvegarde* Order.

---

[1]   The Foreign Debtors in these chapter 15 cases are the following entities (the last four digits of their respective federal employer identification numbers, if any, follow in parentheses): EuropaCorp S.A. (4041); EuropaCorp Home Entertainment S.A.S. (9512); Blue Advertainment S.A.S. (4911); Orchestra S.A.S. (8952); EuropaCorp Distribution S.A.S. (8952); EuropaCorp Television S.A.S. (2801); Valerian Holding S.A.S. (0982); Digital Factory S.A.S. (9002); T5 Production S.A.S. (7531); and Valerian S.A.S. (9738). The Foreign Debtors' address is 20 rue Ampère 93200 Saint-Denis, France.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: Paris, France
       May 17, 2019

                                        /s/ Charles Peugnet
                                        Charles Peugnet

## **Attachment 2**

**Item 7: Statement Identifying Pending Foreign Proceedings**

GIBSON, DUNN & CRUTCHER LLP
Matthew K. Kelsey
J. Eric Wise
Alan Moskowitz
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>EUROPACORP, S.A., *et al.*,[1]<br><br>                  Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____<br><br>(Joint Administration Requested) |

**DECLARATION OF FOREIGN REPRESENTATIVE PURSUANT TO**
**SECTION 1515(C) OF THE BANKRUPTCY CODE**

     I, Kevin Tatum McDonald, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America, as follows:

     1.     I am the duly authorized foreign representative (the "***Foreign Representative***") of EuropaCorp, S.A. ("***EuropaCorp***") and its affiliated foreign debtors (collectively with EuropaCorp, the "***Foreign Debtors***") in connection with their reorganization proceedings under French law (collectively, the "***Sauvegarde***") currently pending before the *Tribunal de Commerce de Bobigny* (Commercial Court of Bobigny) France (the "***French Court***").

---

[1]  The Foreign Debtors in these chapter 15 cases are the following entities (the last four digits of their respective federal employer identification numbers, if any, follow in parentheses): EuropaCorp S.A. (4041); EuropaCorp Home Entertainment S.A.S. (9512); Blue Advertainment S.A.S. (4911); Orchestra S.A.S. (8952); EuropaCorp Distribution S.A.S. (8952); EuropaCorp Television S.A.S. (2801); Valerian Holding S.A.S. (0982); Digital Factory S.A.S. (9002); T5 Production S.A.S. (7531); and Valerian S.A.S. (9738). The Foreign Debtors' address is 20 rue Ampère 93200 Saint-Denis, France.

2.      I respectfully submit this statement, as required by section 1515(c) of title 11 of the United States Code (the "***Bankruptcy Code***"), in support of the verified petitions filed herewith seeking recognition by this Court of the Sauvegarde as a foreign main proceeding.

3.      The following Foreign Debtors have commenced the Sauvegarde in the French Court: (i) EuropaCorp S.A.; (ii) EuropaCorp Home Entertainment S.A.S.; (iii) Blue Advertainment S.A.S.; (iv) Orchestra S.A.S.; (v) EuropaCorp Distribution S.A.S.; (iv) EuropaCorp Television S.A.S.; (vii) Valerian Holding S.A.S.; (viii) Digital Factory S.A.S.; (ix) T5 Production S.A.S.; and (x) Valerian S.A.S.

4.      Pursuant to the requirements of section 1515(c) of the Bankruptcy Code, to the best of my knowledge, the Sauvegarde is the only insolvency proceeding of any kind pending for the Foreign Debtors and, thus, is the only known "foreign proceeding" with respect to the Foreign Debtors as that term is defined in section 101(23) of the Bankruptcy Code.

5.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.


Dated:  May 17, 2019

                                        */s/ Kevin Tatum McDonald*
                                        Kevin Tatum McDonald

**Attachment 3**

**Item 8: Disclosure Pursuant to FRBP Rule 1007(a)(4)**

GIBSON, DUNN & CRUTCHER LLP
Matthew K. Kelsey
J. Eric Wise
Alan Moskowitz
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| EUROPACORP, S.A., *et al.*,[1] | Case No. 19-_____ |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

**DISCLOSURE PURSUANT TO RULE 1007(A)(4) OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE**

Kevin Tatum McDonald, in his capacity as the duly authorized foreign representative (the "***Foreign Representative***") of EuropaCorp, S.A. ("***EuropaCorp***") and its affiliated foreign debtors (collectively with EuropaCorp, the "***Foreign Debtors***") in connection with their reorganization proceedings under French law (collectively, the "***Sauvegarde***" or "***Safeguard Proceeding***") currently pending before the *Tribunal de Commerce de Bobigny* (Commercial Court of Bobigny) France (the "***French Court***") hereby files this list pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and respectfully sets forth as follows:

---

[1]  The Foreign Debtors in these chapter 15 cases are the following entities (the last four digits of their respective federal employer identification numbers, if any, follow in parentheses): EuropaCorp S.A. (4041); EuropaCorp Home Entertainment S.A.S. (9512); Blue Advertainment S.A.S. (4911); Orchestra S.A.S. (8952); EuropaCorp Distribution S.A.S. (8952); EuropaCorp Television S.A.S. (2801); Valerian Holding S.A.S. (0982); Digital Factory S.A.S. (9002); T5 Production S.A.S. (7531); and Valerian S.A.S. (9738). The Foreign Debtors' address is 20 rue Ampère 93200 Saint-Denis, France.

## I.   Administrators in Foreign Proceeding Concerning the Foreign Debtors

1.      Kevin Tatum McDonald is the duly authorized Foreign Representative of the Foreign Debtors in the Safeguard Proceeding. The Foreign Representative's address is: 8245 Mannix Drive, Los Angeles CA 90046.

2.      Mr. Emanuel Cohen is the President of the Commercial Court of Bobigny, located at: located at: 1 – 13 rue Michel de l'Hospital, 93008, Bobigny Cedex, France.

3.      Mr. Marc Nouvion is the Supervisory Judge (*juge-commissaire*), Commercial Court of Bobigny, located at: 1 – 13 rue Michel de l'Hospital, 93008, Bobigny Cedex, France.

4.      The Judiciary Administrators (*administrateur judiciaires*) are as follows:

   a.   FHB, represented by Maître Hélène Bourbouloux, located at: Tour CB21, 16 Place de L'Iris, 92040 Paris La Défense Cedex.

   b.   SCP Brignier, represented by Maître Patrice Brignier, located at: 18 rue de Lorraine, 93000 Bobigny.

5.      The Creditors' Representatives (*mandataire judiciaires*) are as follows:

   a.   SELAFA MJA, represented by Maître Axel CHUINE located at: 14 rue de Lorraine, 93000 Bobigny.

   b.   SELARL BALLY MJ located at: 60, rue d'Anjou, 93000 Bobigny.

## II.   All Parties to Litigation Pending in the United States in which the Foreign Debtor is a Party at the Time of Filing of the Petition

6.      Neither the Foreign Representative nor any of the Foreign Debtors is party to any pending litigation in the United States as of the date hereof.

## III.   Entities Against Whom Provisional Relief is Sought Pursuant to 11 U.S.C. § 1519

7.      The Foreign Representative seeks provisional relief pursuant to sections 1519, 1521(a)(7), 362, and 365(e) of the title 11 of the U.S. Code (the "***Bankruptcy Code***") by applying

sections 362 and 365(e) of the Bankruptcy Code immediately for the benefit of the Foreign Debtors *nunc pro tunc* to the date of the French Court's order commencing the Safeguard Proceeding against potential action in the United States by dissenting creditors.

8.    *See* **Schedule 1** annexed hereto for a list of known entities against whom provisional relief is being sought.[2]

Dated:    New York, New York
          May 17, 2019

Respectfully submitted,
GIBSON, DUNN & CRUTCHER LLP

*/s/ Matthew K. Kelsey*
Matthew K. Kelsey
J. Eric Wise
Alan Moskowitz
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

---

[2]  The Foreign Representative will update Schedule 1 to the extent he becomes aware of any additional entities against whom provisional relief is being sought.

## SCHEDULE 1

### Entities Against Whom Provisional Relief is Sought Pursuant to 11 U.S.C. § 1519[3]

| | |
|---|---|
| JPMorgan Chase Bank, N.A.<br>2029 Century Park east, 38th Floor<br>Los Angeles, California 90067 | Purchasers under the Participation Agreement |
| JPMorgan Chase Bank, N.A.<br>JPMorgan Loan Services<br>10 South Dearborn, 7th Floor<br>Chicago, Illinois 60603 | AFE Big Game Finance Lmtd<br>34 Fouberts Place<br>WlF 7PX |
| J.P. Morgan Securities LLC<br>2029 Century Park east, 38th Floor<br>Los Angeles, California 90067 | Google, Inc.<br>1600 Amphitheater Parkway<br>Mountain View, CA 94043 |
| J.P. Morgan Europe Limited<br>25 Bank Street, 6th Floor<br>Canary Wharf, London E14 5JP England | IN Splitter, L.P<br>Imagenation Abu Dhabi FZ, LLC<br>P.O. Box 769301<br>Abu Dhabi, United Arab Emirates |
| Vine Investment Advisors, LP<br>810 Seventh Avenue, Suite 802<br>New York, New York 10019 | Netflix, Inc.<br>335 N. Maple Drive, Suite 353<br>Beverly Hills, CA 90210 |
| Lenders party to the First Lien Agreement and Second Lien Agreement | Netflix, Inc.<br>100 Winchester Circle<br>Los Gatos, CA 95032 |

---

[3]  Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the *Verified Petition Under Chapter 15 for Recognition of A Foreign Main Proceeding*, filed contemporaneously herewith.

**Attachment 4**

**Item 11: Corporate Ownership Statement**

GIBSON, DUNN & CRUTCHER LLP
Matthew K. Kelsey
J. Eric Wise
Alan Moskowitz
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| EUROPACORP, S.A., *et al.*,[1] | Case No. 19-_____ |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

**CORPORATE OWNERSHIP STATEMENT
PURSUANT TO BANKRUPTCY RULES 1007(A)(4)
AND 7007.1 AND LOCAL RULE 1007-3**

Kevin Tatum McDonald, in his capacity as the duly authorized foreign representative of EuropaCorp, S.A. and its affiliated foreign debtors (collectively with EuropaCorp, the "***Foreign Debtors***") in connection with their reorganization proceedings under French law (*Sauvegarde*) currently pending before the *Tribunal de Commerce de Bobigny* (Commercial Court of Bobigny) France, hereby files the corporate ownership information required by Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York.

---

[1] The Foreign Debtors in these chapter 15 cases are the following entities (the last four digits of their respective federal employer identification numbers, if any, follow in parentheses): EuropaCorp S.A. (4041); EuropaCorp Home Entertainment S.A.S. (9512); Blue Advertainment S.A.S. (4911); Orchestra S.A.S. (8952); EuropaCorp Distribution S.A.S. (8952); EuropaCorp Television S.A.S. (2801); Valerian Holding S.A.S. (0982); Digital Factory S.A.S. (9002); T5 Production S.A.S. (7531); and Valerian S.A.S. (9738). The Foreign Debtors' address is 20 rue Ampère 93200 Saint-Denis, France.

1.      As of the date of this filing, the below-listed corporations directly or indirectly own 10% or more of the equity securities ownership of Foreign Debtor EuropaCorp S.A.:

| Corporation Name | Percentage Ownership |
|---|---|
| Front Line S.A.S. | 31.57% |
| FF Motion Invest | 27.89% |

2.      Foreign Debtor EuropaCorp S.A. owns 100% of each of the following Foreign Debtors: (i) EuropaCorp Home Entertainment S.A.S.; (ii) Blue Advertisment S.A.S.; (iii) Orchestra S.A.S.; (iv) EuropaCorp Distribution S.A.S.; and (v) Valerian Holding S.A.S.

3.      Foreign Debtor EuropaCorp S.A. owns 95.2% of Foreign Debtor EuropaCorp Television S.A.S.

4.      Foreign Debtor Blue Advertisment S.A.S. owns 100% of Foreign Debtor Digital Factory S.A.S.

5.      Foreign Debtor EuropaCorp Television S.A.S. owns 100% of Foreign Debtor T5 Production S.A.S.

6.      Foreign Debtor Valerian Holding S.A.S. owns 100% of Foreign Debtor Valerian S.A.S.

*[Remainder of page intentionally left blank]*

**<u>Attachment 5</u>**

**<ins>Pending Bankruptcy Cases Filed by Affiliates of the Foreign Debtors</ins>**

Concurrently herewith, each of the affiliated entities listed below filed in this Court a petition for relief under chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

| |
|---|
| EuropaCorp S.A. |
| EuropaCorp Home Entertainment S.A.S. |
| Blue Advertainment S.A.S. |
| Orchestra S.A.S. |
| EuropaCorp Distribution S.A.S. |
| EuropaCorp Television S.A.S. |
| Valerian Holding S.A.S. |
| Digital Factory S.A.S |
| T5 Production S.A.S. |
| Valerian S.A.S. |