GIBSON, DUNN & CRUTCHER LLP
Matthew K. Kelsey
J. Eric Wise
Alan Moskowitz
200 Park Avenue
New York, NY 10166
(212) 351-4000 (Tel)
(212) 351-4035 (Fax)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>EUROPACORP S.A.,<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>EUROPACORP HOME ENTERTAINMENT S.A.S.<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>BLUE ADVERTAINMENT S.A.S.<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |

| | |
|---|---|
| In re: <br><br> ORCHESTRA S.A.S. <br><br> Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 19-_____ |
| In re: <br><br> EUROPACORP DISTRIBUTION S.A.S. <br><br> Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 19-_____ |
| In re: <br><br> EUROPACORP TELEVISION S.A.S. <br><br> Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 19-_____ |
| In re: <br><br> VALERIAN HOLDING S.A.S. <br><br> Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 19-_____ |
| In re: <br><br> DIGITAL FACTORY S.A.S. <br><br> Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 19-_____ |

| | |
|---|---|
| In re:<br><br>T5 PRODUCTION S.A.S.<br><br>            Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-\_\_\_\_\_ |
| In re:<br><br>VALERIAN S.A.S.<br><br>            Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-\_\_\_\_\_ |

**MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THE ABOVE-CAPTIONED CHAPTER 15 CASES**

Kevin Tatum McDonald, in his capacity as the duly authorized foreign representative (the "***Foreign Representative***") of EuropaCorp S.A. ("***EuropaCorp***") and its affiliated foreign debtors (collectively with EuropaCorp, the "***Foreign Debtors***") in connection with their reorganization proceedings under French law (collectively, the "***Sauvegarde***" or "***Safeguard Proceeding***") currently pending before the *Tribunal de Commerce de Bobigny* (Commercial Court of Bobigny) France (the "***French Court***"), respectfully submits this motion (the "***Motion***") for entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "***Proposed Order***"), pursuant to section 105(a) of title 11 of the United States Code (the "***Bankruptcy Code***"), 11 U.S.C. §§ 101-1532, and Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "***Bankruptcy Rules***"), authorizing the joint administration of the Foreign Debtors' above-captioned chapter 15 cases (the "***Chapter 15 Cases***") for procedural purposes only. In support of the Motion, the Foreign Representative respectfully refers the Court to the *Verified Petition Under Chapter 15 for*

3

*Recognition of a Foreign Main Proceeding* (the "**Verified Petition**") which is being filed contemporaneously herewith and is incorporated herein by reference. In further support of the Motion, the Foreign Representative respectfully states as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated as of January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this District pursuant to 28 U.S.C. § 1410(1). The statutory predicates for the relief requested herein are sections 105(a) of the Bankruptcy Code and Rule 1015(b) of the Bankruptcy Rules.

## BACKGROUND

2.  The Foreign Representative respectfully refers the Court to the Verified Petition, which contains the relevant facts and circumstances, including a description of the Foreign Debtors' business, corporate and capital structures, and the circumstances leading up to the commencement of these Chapter 15 Cases in relation to the Safeguard Proceeding pending in the French Court.

## RELIEF REQUESTED

3.  Pursuant to Rule 1015(b) of the Bankruptcy Rules, the Foreign Debtors respectfully request the immediate entry of an order providing for the joint administration of the Chapter 15 Cases for procedural purposes only. In particular, the Foreign Debtors request that the Court provide for joint administration by: (a) establishing a joint docket and file for the Chapter 15 Cases; (b) approving the filing of a joint pleadings caption; (c) approving combined notices to

19-11587-mew    Doc 5    Filed 05/17/19    Entered 05/17/19 14:29:06    Main Document
Pg 5 of 16

creditors and other parties in interest, as applicable; and (d) directing an entry to be made on the dockets of: In re EuropaCorp Home Entertainment S.A.S.; In re Blue Advertainment S.A.S.; In re Orchestra S.A.S.; In re EuropaCorp Distribution S.A.S.; In re EuropaCorp Television S.A.S.; In re Valerian Holding S.A.S.; In re Digital Factory S.A.S.; In re T5 Production S.A.S.; and In re Valerian S.A.S, to reflect the joint administration of the Chapter 15 Cases.

## BASIS FOR RELIEF REQUESTED

**A.    The Foreign Debtors are Affiliates Under Federal Bankruptcy Rule 1015(b)**

4.    Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Section 101(2) of the Bankruptcy Code defines "affiliate" to mean, among other things:

> [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . [or] [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

11 U.S.C. § 101(2).

5.    Joint administration of the Foreign Debtors' cases is warranted because (a) the Foreign Representative has filed an Official Form 410 (Chapter 15 Petition for Recognition of a Foreign Proceeding) (the "*Petitions*") with respect to each of the Foreign Debtors and (b) as provided in the Petitions, each Foreign Debtor is an "affiliate" of one or more other Foreign Debtors under section 101(2) of the Bankruptcy Code. Additionally, joint administration pursuant to Bankruptcy Rule 1015(b) is not limited to plenary cases, and the requested relief will promote

the efficient administration of these Chapter 15 Cases, one of the stated purposes of chapter 15. *See* 11 U.S.C. § 1501(a)(3).

6.    Courts have routinely granted joint administration of interrelated Chapter 15 Cases based on Bankruptcy Rule 1015(b). *See, e.g., In re Boart Longyear Limited*, No. 17-11156 (MEW) (Bankr. S.D.N.Y. Apr. 28, 2017); *In re OAS S.A.*, No. 15-10937 (SMB) (Bankr. S.D.N.Y. Apr. 16, 2015); *In re Aralco S.A. – Indústria e Comércio*, No. 15-10419 (MKV) (Bankr. S.D.N.Y. Feb. 27, 2015); *In re Cline Mining Corp.*, No. 14-26132 (EEB) (Bankr. D. Colo. Dec. 4, 2014); *In re Essar Steel Algoma Inc.*, No. 14-11730 (BLS) (Bankr. D. Del. July 17, 2014); *In re Cinram Int'l Inc.*, No. 12-11882 (KJC) (Bankr. D. Del. June 26, 2012). As such, the Court has the authority to enter the proposed order pursuant to Bankruptcy Rule 1015(b).

7.    In addition, the Foreign Representative submits that the relief requested herein is available pursuant to section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code, made applicable in Chapter 15 Cases pursuant to section 103(a) of the Bankruptcy Code, permits this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). *See In re Select Tree Farms, Inc.*, 483 B.R. 595, 597 (Bankr. W.D.N.Y. 2012) (Section 105(a) "empower[s] 'the bankruptcy court to exercise its equitable powers . . . to facilitate the implementation of other Bankruptcy Code provisions.'") (citing *Solow v. Kalikow (In re Kalikow)*, 602 F. 3d 82, 97 (2nd Cir. 2010)); *In re Fairfield Sentry Ltd.*, 458 B.R. 665, 691-92 (S.D.N.Y. 2011) (noting that in chapter 15 cases, a bankruptcy court may enter orders pursuant to section 105(a) only to the extent consistent with the Bankruptcy Code and the Bankruptcy Rules) (citing *Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616 (2d. Cir. 1999)). The relief requested herein is consistent with and furthers the purpose of the Bankruptcy Code. Therefore, the Court has

6

additional authority under section 105(a) of the Bankruptcy Code to enter the proposed order directing the joint administration of these Chapter 15 Cases.

**B.     Joint Administration of the Estate Will Provide Greater Ease of Administration**

8.     The Petitions and the Verified Petition establish that joint administration of these Chapter 15 Cases is warranted because (a) the Foreign Debtors' financial affairs and business operations are closely related, (b) each Foreign Debtor is party to the Safeguard Proceeding, which is a single, jointly administered reorganization proceeding, and (c) the joint administration of the Chapter 15 Cases will ease the administrative burden on this Court and parties in interest.

9.     The joint administration of the Chapter 15 Cases will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Foreign Debtors' respective estates and other parties in interest. Entering an order directing joint administration of the Chapter 15 Cases will avoid the need for duplicative notices, opinions, motions, applications, and orders, thereby saving time and expense that otherwise would be required to administer individual cases. Joint administration also will enable parties in each of the Chapter 15 Cases to receive notice of the various matters pending before the Court in all of these Chapter 15 Cases. Joint administration will further simplify supervision of the administrative aspects of the Chapter 15 Cases by the Office of the United States Trustee—a task that would pose unnecessary burdens absent joint administration.

**C.     No Party in Interest Will Be Prejudiced By Virtue of the Relief Requested**

10.     The rights of the respective creditors of the Foreign Debtors will not be adversely affected by the proposed joint administration of the Chapter 15 Cases because the rights of each creditor against the respective estates will be preserved. The Motion seeks neither substantive consolidation of the Foreign Debtors' estates, nor modification of the relative rights and remedies of creditors against any of the individual Foreign Debtors. Thus, the substantive rights of parties

7

in interest will not be prejudiced or otherwise negatively affected by the entry of an order directing the procedural joint administration of the Chapter 15 Cases.

11. For these reasons, the Foreign Representative submits that the relief requested herein is in the best interest of the Foreign Debtors, their estates, creditors, and other parties in interest, and, therefore, should be granted.

12. As such, the Foreign Representative respectfully requests that the caption of each of the Chapter 15 Cases be modified to reflect their joint administration as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 15 |
|---|---|
| EUROPACORP, S.A., *et al.*,[1] | Case No. 19-_____ |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

[1] The Foreign Debtors in these chapter 15 cases are the following entities (the last four digits of their respective federal employer identification numbers, if any, follow in parentheses): EuropaCorp S.A. (4041); EuropaCorp Home Entertainment S.A.S. (9512); Blue Advertainment S.A.S. (4911); Orchestra S.A.S. (8952); EuropaCorp Distribution S.A.S. (8952); EuropaCorp Television S.A.S. (2801); Valerian Holding S.A.S. (0982); Digital Factory S.A.S. (9002); T5 Production S.A.S. (7531); and Valerian S.A.S. (9738). The Foreign Debtors' address is 20 rue Ampère 93200 Saint-Denis, France.

13. The Foreign Representative also requests that the Court direct that the following statement be entered on the docket of each of the Chapter 15 Cases to reflect their joint administration:

> An order has been entered in this case directing the joint administration of the chapter 15 cases of EuropaCorp S.A.; In re EuropaCorp Home Entertainment S.A.S.; In re Blue Advertainment S.A.S.; In re Orchestra S.A.S.; In re EuropaCorp Distribution S.A.S.; In re EuropaCorp Television S.A.S.; In re Valerian Holding S.A.S.; In re Digital Factory S.A.S.; In re T5 Production S.A.S., and In re Valerian S.A.S. The docket in the chapter 15 case of EuropaCorp S.A., Case No. 19-[_____ (____)] should be consulted for all matters affecting this case.

## NO PRIOR REQUEST

14. No prior request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

15. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Foreign Debtors, (iii) all parties authorized to administer foreign proceedings of the Foreign Debtors, (iv) JPM Chase, as administrative agent and issuing bank and JPM Group, as Euro Agent, each under the First Lien Agreement, (v) Vine, as administrative agent under the Second Lien Agreement, (vi) Vine, as administrative agent under the Participation Agreement, and (vii) all other parties against whom provisional relief is sought. Due to the nature of the relief requested herein, the Foreign Representative submits that no other or further notice is required.

## **CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the order, substantially in the form annexed hereto as **Exhibit A**, ordering the joint administration of these Chapter 15 Cases and granting such other and further relief it deems necessary and appropriate.

Dated: New York, New York
May 17, 2019

                Respectfully submitted,
                GIBSON, DUNN & CRUTCHER LLP

                /s/ *Matthew K. Kelsey*
                Matthew K. Kelsey
                J. Eric Wise
                Alan Moskowitz
                200 Park Avenue
                New York, NY 10166
                (212) 351-4000 (Tel)
                (212) 351-4035 (Fax)

                *Counsel to the Foreign Representative*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>EUROPACORP S.A.,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>EUROPACORP HOME ENTERTAINMENT S.A.S.<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>BLUE ADVERTAINMENT S.A.S.<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>ORCHESTRA S.A.S.<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |

| | |
|---|---|
| In re:<br><br>EUROPACORP DISTRIBUTION S.A.S.<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>EUROPACORP TELEVISION S.A.S.<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>VALERIAN HOLDING S.A.S.<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>DIGITAL FACTORY S.A.S.<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |
| In re:<br><br>T5 PRODUCTION S.A.S.<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |

2

| | |
|---|---|
| In re:<br><br>VALERIAN S.A.S.<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-_____ |

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 15 CASES

Upon consideration of the motion by the Foreign Representative in the above-captioned chapter 15 cases seeking entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, for the joint administration of the above-captioned chapter 15 cases for procedural purposes only (the "***Motion***");[1] and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157)(b)(2)(P); and venue of this proceeding being proper before the Court pursuant to 28 U.S.C. § 1410(1); and due and proper notice of the Motion having been provided, and no other or further notice being necessary; and the Court having reviewed and considered the Motion, the Petition, and the Verified Petition; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the relief requested in the

---

[1] All capitalized terms not otherwise defined in this order shall have the meanings ascribed to them in the Motion.

3

Motion being in the best interest of the Foreign Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Chapter 15 Cases hereby are consolidated for procedural purposes only and shall be jointly administered by the Court.

3. Pleadings in these Chapter 15 Cases shall be required to bear a caption substantially in the following form:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re:                                      | Chapter 15              |
|---------------------------------------------|-------------------------|
| EUROPACORP, S.A., *et al.*,[1]              | Case No. 19-_____      |
| Debtors in a Foreign Proceeding.            | (Jointly Administered)  |

[1] The Foreign Debtors in these chapter 15 cases are the following entities (the last four digits of their respective federal employer identification numbers, if any, follow in parentheses): EuropaCorp S.A. (4041); EuropaCorp Home Entertainment S.A.S. (9512); Blue Advertisement S.A.S. (4911); Orchestra S.A.S. (8952); EuropaCorp Distribution S.A.S. (8952); EuropaCorp Television S.A.S. (2801); Valerian Holding S.A.S. (0982); Digital Factory S.A.S. (9002); T5 Production S.A.S. (7531); and Valerian S.A.S. (9738). The Foreign Debtors' address is 20 rue Ampère 93200 Saint-Denis, France.

4. The consolidated caption satisfies the requirements of section 342(c) of the Bankruptcy Code in all respects.

5. A docket entry shall be made by the Clerk of the Court in each of the above-captioned cases substantially as follows:

> An order has been entered in this case directing the joint administration of the chapter 15 cases of EuropaCorp S.A.; In re EuropaCorp Home Entertainment S.A.S.; In re Blue Advertisement S.A.S.; In re Orchestra S.A.S.; In re EuropaCorp Distribution S.A.S.; In re EuropaCorp Television S.A.S.; In re Valerian Holding S.A.S.; In re Digital Factory S.A.S.; In re T5 Productions; and In re Valerian S.A.S. The docket in the chapter 15 case of

4

       EuropaCorp S.A., Case No. 19-[_____ (___)] should be consulted for all matters affecting this case.

6.       The Foreign Representative is authorized to (i) utilize a combined service list for the Foreign Debtors' jointly administered cases and (ii) send combined notices to creditors of the Foreign Debtors' estates and other parties in interest as applicable.

7.       The Foreign Representative is authorized and empowered to take any actions as may be necessary and appropriate to implement and effectuate the terms of this order.

8.       Nothing contained in this Order shall be construed as directing or otherwise effecting a substantive consolidation of the bankruptcy cases of the Foreign Debtors.

9.       This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this order.

Dated:  New York, New York
        May __, 2019

                                               _____
                                               UNITED STATES BANKRUPTCY JUDGE