UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| EUROPACORP S.A., *et al.*,[1] | Case No. 19-11587 (MEW) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

**ORDER RECOGNIZING FOREIGN PROCEEDING**

Upon the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding* [Dkt. No. 2] (the "***Verified Petition***" and, together with the Chapter 15 Petition for Recognition of a Foreign Proceeding (Official Form 401) filed immediately prior hereto for each Foreign Debtor, the "***Petition***")[2] of Kevin Tatum McDonald, in his capacity as the duly authorized foreign representative (the "***Foreign Representative***") of each of the Foreign Debtors, in support of entry of an order pursuant to sections 1517(a) and 1521(a)(6) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "***Bankruptcy Code***") (a) finding that (i) the Foreign Debtor is eligible to be a "debtor" under chapter 15 of the Bankruptcy Code, (ii) the Safeguard Proceeding is a "foreign main proceeding" within the meaning of section 1502 of the Bankruptcy Code, (iii) the Foreign Representative satisfies the requirements of a "foreign representative" of each Foreign Debtor under section 101(24) of the Bankruptcy Code, and (iv) the Petition was properly filed and meets the requirements of section 1515 of the Bankruptcy Code, (b) granting recognition of the

---

[1] The Foreign Debtors in these chapter 15 cases are the following entities (the last four digits of their respective federal employer identification numbers, if any, follow in parentheses): EuropaCorp S.A. (4041); EuropaCorp Home Entertainment S.A.S. (9512); Blue Advertainment S.A.S. (4911); Orchestra S.A.S. (8952); EuropaCorp Distribution S.A.S. (8952); EuropaCorp Television S.A.S. (2801); Valerian Holding S.A.S. (0982); Digital Factory S.A.S. (9002); T5 Production S.A.S. (7531); and Valerian S.A.S. (9738). Each Foreign Debtor's address is 20 rue Ampère 93200 Saint-Denis, France.

[2] Capitalized terms used herein but not otherwise defined shall have the respective meanings ascribed to such terms in the Verified Petition.

1

Safeguard Proceeding as a foreign main proceeding under sections 1517 and 1520 of the Bankruptcy Code, and (c) applying section 365(e) to these Chapter 15 Cases on a final basis; and upon the hearing (the "*Hearing*") on the Petition and this Court's review and consideration of the Petition, the Foreign Representative Declaration and the Farges Declaration;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.    This Court has jurisdiction to consider the Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.).

B.    The consideration of the Petition and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C.    Venue is proper before this Court pursuant to 28 U.S.C. § 1410(1).

D.    Good, sufficient, appropriate, and timely notice of the filing of the Petition and the Hearing has been given by the Foreign Representative, pursuant to Bankruptcy Rules 1011(b) and 2002(q) and the *Order Scheduling a Hearing on Chapter 15 Petition for Recognition and Specifying the Form and Manner of Service of Notice* [Dkt. No. 13] to: (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Foreign Debtors, (iii) all parties authorized to administer foreign proceedings of the Foreign Debtors, (iv) JPM Chase, as administrative agent and issuing bank and JPM Group, as Euro Agent, each under the First Lien

---

[3] The findings and conclusions set forth herein and on the record of the Hearing to consider the Petition constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

Agreement, (v) Vine, as administrative agent under the Second Lien Agreement, (vi) Vine, as administrative agent under the Participation Agreement, (vii) all other parties against whom provisional relief is sought, and (viii) all parties that have filed a notice of appearance in these Chapter 15 Cases. In light of the nature of the relief requested and prior orders of this Court, no other or further notice is required.

  E. No objections or responses were filed that have not been overruled, withdrawn, or otherwise resolved.

  F. Each Foreign Debtor is "eligible" to be a debtor in the Chapter 15 Case pursuant to sections 109 and 1501 of the Bankruptcy Code.

  G. The Safeguard Proceeding is a "foreign proceeding" as such term is defined in section 101(23) of the Bankruptcy Code.

  H. The Safeguard Proceeding is pending in France, which is where each Foreign Debtor has its "center of main interests" as referred to in section 1517(b)(1) of the Bankruptcy Code. As such, the Safeguard Proceeding is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

  I. The Foreign Representative is a "person" as such term is defined in section 101(41) of the Bankruptcy Code and has been duly appointed, made responsible for administering the restructuring of each Foreign Debtor, and designated as the "foreign representative" of each Foreign Debtor as such term is defined in section 101(24) of the Bankruptcy Code.

  J. These Chapter 15 Cases were properly commenced pursuant to sections 1504 and 1509, and the Petition satisfies the requirements of section 1515 of the Bankruptcy Code.

K.    Absent the relief granted herein, the restructuring contemplated by the Safeguard Proceeding may be frustrated by the actions of individual creditors, a result inconsistent with the purposes of chapter 15 of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:**

1.    The Petition and the relief requested in this Order are granted as set forth herein, and any objections or responses thereto that have not been withdrawn or resolved are overruled with prejudice.

2.    The Safeguard Proceeding is recognized as a "foreign main proceeding" pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

3.    The Foreign Representative is recognized as the "foreign representative" of each Foreign Debtor as defined in section 101(24) of the Bankruptcy Code in respect of the Safeguard Proceeding.

4.    All relief and protections afforded foreign main proceedings under section 1520 of the Bankruptcy Code are hereby granted to the Safeguard Proceeding, each Foreign Debtor and each Foreign Debtor's assets located in the United States, as applicable, including, without limitation, the application of the automatic stay under section 362 of the Bankruptcy Code to each Foreign Debtor and its property within the territorial jurisdiction of the United States.

5.    Nothing herein shall: (x) prevent any entity from filing any claims against any Foreign Debtor in the Safeguard Proceeding, (y) prevent any entity from seeking relief from the French Court in the Safeguard Proceeding or this Court in these Chapter 15 Cases, as applicable, from the injunctions contained in this Order, or (z) prevent any guild, union, or collectively bargained benefit plan from pursuing rights or remedies against any affiliates of any Foreign Debtor, *provided*, *however*, that nothing in this subsection (z) shall alter or impair the injunctions

contained in this Order applicable to the equity interests of such affiliates held by any Foreign Debtor.

6. Section 365(e) of the Bankruptcy Code is applicable in these Chapter 15 Cases *nunc pro tunc* to the Petition Date for the benefit of the Foreign Debtors and the section of the *Sauvegarde* Order which prevents contract counterparties from terminating or modifying any contract or agreement with any Foreign Debtor due to the bankruptcy or insolvency of any Foreign Debtor shall be given full force and effect on a final basis *nunc pro tunc* to the date of the filing of the *Sauvegarde* Order. Accordingly, no person or entity may terminate or modify any contract or unexpired lease of the Foreign Debtor based on a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of the Foreign Debtors or (b) the commencement of the Safeguard Proceeding or these Chapter 15 Cases.

7. The Foreign Representative is entrusted with the administration and realization of all of the Foreign Debtors' assets located in the United States and is established as the exclusive authority to administer the Foreign Debtors' assets and affairs in the United States.

8. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9. No action taken by the Foreign Representative in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Safeguard Proceeding, the documents contemplated thereunder, this Order, the Chapter 15 Cases, any further order for additional relief in the Chapter 15 Cases, or any adversary proceedings in connection therewith, will be deemed to constitute a waiver of the immunity afforded the Foreign Representative in its capacity as such under section 1510 of the Bankruptcy Code.

10. The Foreign Representative, the Foreign Debtors, and each of their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

11. Notwithstanding Bankruptcy Rule 7062, made applicable to these Chapter 15 Cases by Bankruptcy Rule 1018, this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction with respect to the implementation, enforcement, amendment or modification of this Order.

Dated: New York, New York
       June 20, 2019

                              /s/ **Michael E. Wiles**
                              UNITED STATES BANKRUPTCY JUDGE