**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>EUROPACORP S.A., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-11587<br><br>(Jointly Administered) |

### ORDER GRANTING PROVISIONAL RELIEF FOR EUROPACORP FILMS USA, INC.

Upon consideration of the *Emergency Motion for Provisional Relief for EuropaCorp Films USA, Inc.* (the "***Emergency Motion***")[2] filed by Kevin Tatum McDonald, in his capacity as the duly authorized foreign representative (the "***Foreign Representative***") of the foreign debtor, EuropaCorp Films USA, Inc. ("***EC Films***"), in a foreign proceeding (the "***EC Films Safeguard Proceeding***") pending before the *Tribunal de Commerce de Bobigny* (Commercial Court of Bobigny) France (the "***French Court***"), the *Verified Petition of EuropaCorp Films USA, Inc. Under Chapter 15 Recognition of a Foreign Proceeding* (the "***Verified Petition***") and all documents submitted in support of the Verified Petition (collectively, the "***Provisional Relief Documents***"), the Court finds and concludes as follows:

A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference to*

---

[1] The Foreign Debtors in these chapter 15 cases are the following entities (the last four digits of their respective federal employer identification numbers, if any, follow in parentheses): EuropaCorp S.A. (4041); EuropaCorp Home Entertainment S.A.S. (9512); Blue Advertainment S.A.S. (4911); Orchestra S.A.S. (8952); EuropaCorp Distribution S.A.S. (8952); EuropaCorp Television S.A.S. (2801); Valerian Holding S.A.S. (0982); Digital Factory S.A.S. (9002); T5 Production S.A.S. (7531); Valerian S.A.S. (9738); and EuropaCorp Films USA, Inc. (6990). The address of each Foreign Debtor other than EuropaCorp Films USA, Inc. is 20 rue Ampère 93200 Saint-Denis, France, and the address of EuropaCorp Films USA, Inc. is 335-345 N Maple Drive 103, Beverly Hills, CA 90210.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Emergency Motion.

*Bankruptcy Judges of the District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.).

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

D. The EC Films Chapter 15 Case has been properly commenced by a duly appointed foreign representative.

E. This Court has the authority to grant the provisional relief requested by the Provisional Relief (as defined below) pursuant to 11 U.S.C. §§ 105(a), 306, 362, 365(e), 1510, 1519, 1521, and 1522.

F. The Provisional Relief is urgently needed to protect the assets of EC Films and the interests of their creditors as required by 11 U.S.C. § 1519(a).

G. The interests of the EC Films' creditors and other interested entities, including the Foreign Debtors, are sufficiently protected in the Court's grant of the Provisional Relief, as required by 11 U.S.C. § 1522(a).

H. The Provisional Relief is warranted under 11 U.S.C. § 1519(e).

I. The Foreign Representative has demonstrated a sufficiently substantial likelihood that the EC Films Safeguard Proceeding is entitled to recognition as a foreign proceeding and that the Provisional Relief will be granted on a final basis upon such recognition as a foreign proceeding.

J. Irreparable harm will result to EC Films, its creditors, and the estate if the Provisional Relief is not granted on an expedited basis. Pending the chapter 15 recognition hearing, the Provisional Relief is required to ensure the fair, efficient, and centralized

administration of EC Films' assets and prevent individual creditors and other persons and entities from depleting or impairing the assets of EC Films to the detriment of the creditor body as a whole.

K.      Granting the Provisional Relief will preserve the *status quo* and not result in significant harm to nonmoving parties. Any harm that conceivably could result to nonmoving parties by granting the Provisional Relief is less than the irreparable harm that would result to EC Films and its creditors if the Provisional Relief is not granted.

L.      Granting the Provisional Relief will serve the public interest in that, among other things, the Provisional Relief is necessary to realize the intent and objectives of chapter 15 in this case pursuant to 11 U.S.C. §1501(a).

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.      The Emergency Motion is GRANTED to the extent set forth herein.

2.      Effective immediately, on an interim basis pending entry of an order regarding the recognition of the EC Films Safeguard Proceeding as a foreign proceeding, the following provisional relief pursuant to section 1519 shall apply to the EC Films Chapter 15 Case:

   a) Pending disposition of the Petition and Verified Petition and the request for the recognition of the EC Films Safeguard Proceeding as a foreign proceeding, under sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, no person or entity may seize any property of EC Films or create or enforce any lien, setoff, or other claim against EC Films or against any of its assets located in the United States or the proceeds thereof.

   b) Pending disposition of the Petition and Verified Petition and the request for the recognition of the EC Films Safeguard Proceeding as a foreign proceeding no person or entity listed on Schedule 1 to the *Disclosure Pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure* included as Attachment 3 to the Petition may terminate or modify any contract or unexpired lease of EC Films based on a provision in such contract or lease that is conditioned on the (i) insolvency or financial condition of EC Films or (ii) the commencement of the EC Films Safeguard Proceeding or the EC Films Chapter 15 Case.

3. Due to the nature of the relief requested, no security is required under Rule 65(c) of the Federal Rules of Civil Procedure, as made applicable in the EC Films Chapter 15 Case by Rule 7065 of the Federal Rules of Bankruptcy Procedure, if applicable, or otherwise.

4. Copies of the Provisional Relief Documents and this Order shall be served via email, first class mail, or overnight courier on (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Foreign Debtors, (iii) all parties authorized to administer foreign proceedings of the Foreign Debtors, (iv) JPM Chase, as administrative agent and issuing bank and JPM Group, as Euro Agent, each under the First Lien Agreement, (v) Vine, as administrative agent under the Second Lien Agreement, (vi) Vine, as administrative agent under the Participation Agreement, (vii) all other known parties against whom provisional relief is sought, and (viii) all parties that have filed a notice of appearance in the Chapter 15 Cases. The above-described service of the Provisional Relief Documents and the Order shall constitute due, adequate, and sufficient service and notice, and no other or further service or notice shall be required.

5. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Emergency Motion or the implementation of this Order.

Dated: New York, New York
October 21, 2019

**s/Michael E. Wiles**
UNITED STATES BANKRUPTCY JUDGE